UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA E. SHATTUCK,<br><br>Plaintiff,<br><br>v.<br><br>LEAVITT'S FREIGHT SERVICE, INC.,<br>McKENZIE LEASING SERVICES, LLC,<br>HERMAN S. SPERO, Does 1-20,<br><br>Defendant. | No. 2:13-cv-00903-TLN-EFB<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on its *sua sponte* review of subject matter jurisdiction. (Order to Show Cause, ECF No. 10.) Defendants and Plaintiff filed responses to the Court's Order to Show Cause. (ECF Nos. 11, 12.) For the reasons set forth below, this Court remands this action back to Superior Court of California, Shasta County.

## BACKGROUND

Plaintiff filed this action in the Superior Court of California, County of Shasta. Defendants Leavitt's Freight Service, Inc. ("Leavitt's") and Herman Spero ("Spero") (collectively "Defendants") filed a Notice of Removal of Action. (Notice of Removal of Action, ECF No. 1.) In their Notice of Removal, Defendants allege that removal is proper under 28 U.S.C. §§ 1441 and 1332, because the action is one between citizens of different states, and because the amount in controversy exceeds $75,000. (ECF No. 1, ¶ 6.) Specifically, Defendants allege Plaintiff is a

citizen of California, Defendant Spero is a citizen of Oregon, and Defendant Leavitt's is a citizen of Oregon. (ECF No. 1, ¶ 7.) With respect to the amount in controversy, Defendants allege "[i]t is defendants' good-faith belief that the amount in controversy exceeds the jurisdictional sum of $75,000, exclusive of interest and costs because plaintiff alleges in said complaint that she suffered 'wage loss, loss of use of property, hospital and medical expenses, general damage, loss of earning capacity.'" (ECF No. 1, ¶ 9.) Attached to the Notice of Removal is Plaintiff's Superior Court Complaint, a judicial council form. (ECF No. 1, Ex. C.) In the section regarding damages, Plaintiff checked a box indicating that she seeks compensatory damages in an amount according to proof. (ECF No. 1, Ex. C, ¶ 14.) Plaintiff did not check the box seeking punitive damages and does not detail further the damages sought. (ECF No. 1, Ex. C, ¶ 14.) No supporting declarations were filed with the Notice of Removal.

This Court issued an Order to Show Cause as to why subject matter jurisdiction was proper. (ECF No. 10.) In Defendants' response, they repeat that "[i]t is defendants' good-faith belief that the amount in controversy exceeds the jurisdictional sum of $75,000, exclusive of interest and costs because plaintiff alleges in said complaint that she suffered 'wage loss, loss of use of property, hospital and medical expenses, general damage, loss of earning capacity.'" (ECF No. 11, 3:9-12.) No supporting declarations were filed with Defendants' response. Plaintiff also filed a response to the Court's Order to Show Cause stating Plaintiff estimated the value of the case at approximately $50,000 (*i.e.*, less than the jurisdictional amount). (ECF No. 12.)

**ANALYSIS**

This Court has an independent obligation to determine subject matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Federal courts are of limited jurisdiction. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court if the plaintiff could have filed the action in federal court initially. Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000. Where the amount in controversy is in doubt, the U.S. Supreme Court has drawn a sharp distinction between original jurisdiction and removal jurisdiction. *Gaus v. Miles, Inc.*, 980

F.2d 564, 566 (9th Cir. 1992) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-290 (1938)).  In cases brought in the federal court, it must appear to a legal certainty that the plaintiff's claim is really for less than the jurisdictional amount to justify dismissal.  However, in removal actions, there is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end.  *Id.*  Therefore, the defendant has the burden to establish that removal is proper by a preponderance of evidence, including the amount in controversy.  *Id.*  Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement in the complaint.  If it is unclear what amount of damages the plaintiff has sought, then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.  *Id.*

Here, Defendants have failed to meet their burden to establish that removal is proper. Plaintiff's complaint does not demand a sum greater than the jurisdictional minimum, and Defendants offer no facts whatsoever to demonstrate that the jurisdictional amount has been met. Instead, Defendants rely solely on their "good-faith belief" that the jurisdictional amount is met. These conclusory allegations, however, are insufficient.[1]  *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116-17 (9th Cir. 2004) (holding district court did not properly evaluate amount in controversy where removing defendant alleged that "upon information and belief" the amount in controversy exceeded $75,000); *Matheson*, 319 F.3d at 1090-91 ("Conclusory allegations as to the amount in controversy are insufficient."); *Gaus*, 980 F.2d at 567 (holding that a conclusory allegation "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [the defendant]'s burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds" the applicable dollar value). Furthermore, Plaintiff submitted a response and a statement of damages indicating the total value of the case is likely less than the jurisdictional amount.  (ECF No. 12.)

Accordingly, because Defendants have not satisfied their burden to establish removal jurisdiction by a preponderance of evidence, IT IS HEREBY ORDERED that this action is remanded back to Shasta County Superior Court.

---

[1] Defendants do not provide any evidence with respect to the parties' citizenship either.

1     IT IS SO ORDERED.

2     DATED:     June 4, 2013

                                          Troy L. Nunley
                                          United States District Judge